**BANES HOREY BERMAN & MILLER, LLC**
Attorneys at Law

First Floor, Macaranas Building
4165 Beach Road, Garapan
PO Box 501969
Saipan MP 96950
Tel.: 670-234-5684
Fax: 670-234-5683
www.pacificlawyers.law
Email: cnmi@pacificlawyers.law

February 21, 2024

Ms. Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
San Francisco, California

*Re:* Citation of Additional Authority under Fed. R. App. P. 28(j),
*Salas v. United States*, Ninth Circuit No. 22-16936

Dear Madam Clerk:

Please bring the following additional authorities to the Court's attention:

In Appellee's Brief at 42-3 and Appellant's Reply Brief at 25, the parties discussed whether legislative history of an earlier statute should be considered in evaluating the federal interest in the statute at issue. On this issue, *see* United States v. Carrillo-Lopez, 68 F.4th 1133, 1140 (9th Cir. 2023) ("[T]he views of an earlier legislature are generally not probative of the intent of a later legislature[.]").

At oral argument (recording at 12:00), Appellant's counsel proposed a clarifying explication of the Richards test as a sliding scale whereby burdens on core self-government interests receive strict scrutiny, and lesser intrusions correspondingly lesser scrutiny. For an example of such a test in another context, *see, e.g.*, Silvester v. Harris, 843 F.3d 816, 821-22 (9th Cir. 2016); Young v. Hawaii, 992 F.3d 765, 784 (9th Cir. 2021). For core self-government interests, *i.e.*, "the right of the people to freely pursue their economic, social and cultural development," *see, e.g.*, INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, A/RES/2200A(XXI), Art. 1 § 1 ("All peoples have the right of self-determination. By virtue of that right they freely determine their political status and freely pursue their economic, social and cultural development.").

A Member of  PACIFIC LAWYERS

An Affiliation of Law Firms Serving the Pacific, with Offices in Hawaii, Guam, Saipan, Pohnpei, Majuro and Manila
www.pacificlawyers.law

In Appellee's Brief at 3-4, the Government quoted S. Rep. No. 94-596 to the effect that the US-CNMI relationship was "territorial in nature." *But see* Arnold H. Liebowitz, DEFINING STATUS: A COMPREHENSIVE SURVEY OF UNITED STATES TERRITORIAL RELATIONS (2013 ed.) at 524 (attached) (noting, of this passage, that the Senate "put in legislative history protective of its own authority," which was "not consistent with the negotiating intentions or indeed the testimony of the negotiators before the Congress"). *See also id*. at 515-16 (attached) (noting, of similar passage, that "[t]he Senate report is only self-serving and should be accorded little significance"). *See also generally* Horey, *The Right of Self-Government in the Commonwealth of the Northern Mariana Islands*, 4 ASIAN-PAC. L. & POL'Y J. 180, 238 & fn. 184-85 (2003) (discussing this).

               Best regards,

               */s/ Joseph E. Horey*

               Joseph E. Horey
               Counsel for Appellant

## CERTIFICATION OF COMPLIANCE WITH FED. R. APP. P. 28(j)

I certify that the body of the foregoing letter contains 333 words.

|  |  |
|---|---|
| Date: February 21, 2022<br>Pacific Time | */s/ Joseph E. Horey*<br>_____<br>JOSEPH E. HOREY |

## CERTIFICATION OF FILING AND SERVICE

I certify that on February 21, 2024, Pacific Time, I electronically filed this letter with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I further certify that all participants in this case are CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

|  |  |
|---|---|
| Date: February 21, 2024<br>Pacific Time | */s/ Joseph E. Horey*<br>_____<br>JOSEPH E. HOREY |